IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHA MIJAU JALLOH, | : | CIVIL ACTION NO. 1:24-CV-2243 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

This matter comes before the court upon the Report and Recommendation

("R&R") of Magistrate Judge Susan E. Schwab, wherein Judge Schwab recommends

the court dismiss plaintiff Alpha Mijau Jalloh's *pro se* complaint (Doc. 1) without

prejudice for lack of subject matter jurisdiction. (Doc. 18). Jalloh filed timely

objections, (Doc. 19), and the United States filed a response, (Doc. 20). Timely

objections entitles Jalloh to *de novo* review of the contested portions of the R&R, see

E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. §

636(b)(1)), while the court reviews the uncontested portions for "reasoned

consideration," see id. at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d

Cir. 1987)).

In this case, Jalloh seeks the return of $107,195.47 which the United States

had seized from him, claiming the funds related to a criminal enterprise. (Doc. 1 at

ECF 2). He filed a petition for remission for the funds, (id.), but that petition was

denied because the Office of Trade, Regulations and Rulings determined Jalloh

failed to prove the funds were legally obtained, (id. at ECF 16-19). In his complaint,

Jalloh argued his funds should be returned because the United States did not provide sufficient evidence of criminal wrongdoing. (Id. at ECF 3).

Unfortunately for Jalloh, "judicial review does not extend to the merits of a remission or mitigation ruling." Curry v. United States, No. 22-2594, 2023 WL 6890082, at *2 (3d Cir. Oct. 19, 2023) (nonprecedential) (citing United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000)). Rather, a court can only set aside a civil forfeiture if a person did not receive proper notice. 18 U.S.C. 983 (e)(1). Jalloh does not provide any facts from which this court can conclude notice was improper. Put more clearly, Jalloh's original complaint does not mention notice at all; therefore, his original complaint must be dismissed.

In his objections, Jalloh argues for the first time that he did not receive proper notice. (Doc. 19 at ECF 2). Because his original complaint is the operative pleading and the vital allegations regarding lack of notice are absent from his complaint, these objections must be overruled. Still, Judge Schwab recommended Jalloh be allowed to file an amended complaint and Jalloh has offered a potential amended complaint. (Doc. 19-1).

As an initial matter, Jalloh's proposed amended complaint does not meet federal pleading standards. It asserts he "did not receive clear and timely written notice, at his actual residential mailing address, explaining how to timely file a claim." (Id. at ECF 3). This is a bald legal conclusion not entitled to the presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Jalloh himself attached some correspondence to his original complaint. (Doc. 1 at ECF 5-19). He does not explain

why he was allegedly unable to receive other documents or the steps he took to inquire about the status of his case.

In any event, Jalloh would not be able to state a claim or invoke this court's subject matter jurisdiction. A court can only set aside a civil forfeiture where someone failed to receive proper notice *and* "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice." 18 U.S.C. § 983(e)(1)(A). Once again, there are no allegations in Jalloh's amended complaint that the government failed to take reasonable steps to provide him with notice. In fact, the mailing Jalloh attached to his initial petition shows that Customs and Border Protection mailed it to his current address. (Doc. 1 at ECF 5). That document also reveals the government reviewed Jalloh's arguments on the merits and it did not dismiss his claims for being untimely. (Id. at ECF 16-19). Moreover, Jalloh had *less* time to file a petition for remission, which he did, than if he chose to pursue a juridical proceeding. Compare 19 C.F.R. § 171.2(b)(1) (setting a 30-day deadline) with 18 U.S.C. § 983(a)(2)(B) (setting a 35-day deadline). It is simply implausible to claim Jalloh was deprived of his ability to seek juridical review when he sought administrative review which came with a tighter timeline. Jalloh chose an administrative remedy; he cannot now seek a judicial one. See Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011).

Jalloh's current complaint fails to state a claim. Further, based on the filings already before the court, allowing any leave to amend would be futile. <u>See</u> <u>In re Walmart Inc. Sec. Litig.</u>, 151 F.4th 103, 112 (3d Cir. 2025). Therefore, his complaint will be dismissed with prejudice and this case will be closed.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

March 16th, 2026